OPINION
Appellant Clinton Perdue appeals the order of the Mahoning County Common Pleas Court which denied his petition for post-conviction relief and his motion for an in camera inspection of the grand jury vote record. For the following reasons, the order of the trial court is affirmed.
In September 1988, two people were killed and one person was seriously wounded in a shooting at an apartment in Youngstown. On October 11, 1988, appellant was indicted along with three others for this incident. After his trial in January 1990, appellant was convicted of two counts of aggravated murder, two counts of aggravated robbery and one count of attempted aggravated murder. This court affirmed appellant's conviction in State v. Perdue
(Dec. 30, 1993), Mahoning App. No. 90-CA-18, unreported, discretionary appeal not allowed, (1994), 69 Ohio St.3d 1439.
On March 11, 1998, appellant filed what was entitled a motion to vacate a void judgment pursuant to Civ.R. 60 (B) (5). This motion was based upon appellant's belief that he was indicted without a grand jury being assembled and thus without a grand jury vote. Accompanying this motion was a petition for an incamera inspection of the grand jury vote record. Appellant hoped that the court would not find a vote record, and he wished to use the absence of a vote record to prove that there was no grand jury vote to indict him. On August 3, 1998, the trial court denied appellant's motions. The within timely appeal resulted.
Appellant sets forth two assignments of error which allege:
 "THE TRIAL COURT ABUSED IT [S] DISCRETION AND PREJUDICE [D] APPELLANT WHEN IT FAILED TO GIVE THE APPELLANT A FULL AND FAIR ADJUDICATION OF THE ALLEGATIONS PLACED IN ISSUE."
 "THE CONVICTION AND JUDGMENT RENDERED BY THE COURT OF COMMON PLEAS IS VOID, FOR THE LACK OF THE REQUIRED NUMBER OF GRAND JURY VOTES IN VIOLATION OF THE OHIO CONSTITUTION ARTICLE 1, SECTION 10, AND CRIMINAL RULE 6 (C) AND (F)
Initially, we point out that appellant's motion to vacate his conviction is actually a petition for post-conviction relief. R.C. 2953.21 (A) (1). Accordingly, appellant, who was sentenced prior to the effective date of R.C. 2953.21 as amended by 1995 Am. Sub.S.B. No. 4, had until September 21, 1996 to file his petition for post-conviction relief. State v. Parks (Sept. 15, 1998), Jefferson App. No. 96-JE-47, unreported, 2. Because appellant's petition was filed in March 1998, it was untimely.
Trial courts do not have jurisdiction to consider an untimely filed petition for post-conviction relief unless both of the following requirements are satisfied:
"(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief. [or]
 (b) * * * the United States Supreme Court recognized a new federal or state right that applies retroactively * * *. [and]
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty * * *." R.C. 2953.23 (A).
There is no indication that a right has been recognized applicable to appellant's case under R.C. 2953.23 (A) (1) (b). The only claim for relief in appellant's post-conviction relief petition is an allegation that he was indicted without a grand jury session or vote. The evidence that raises appellant's suspicions with regards to his belief that there was no grand jury vote is the trial testimony of the state's two main witnesses. Appellant construes their testimony as implying that they did not testify in front of the grand jury. Appellant then jumps to the conclusion that if the state's two main witnesses did not testify in front of the grand jury, then there must not have been a grand jury. However, the testimony of those witnesses was generated during the trial. Thus, it was in existence during appellant's direct appeal and during the time period in which appellant's post-conviction petition would have been timely filed. Therefore, he was not unavoidably prevented from raising his allegations about the grand jury earlier.
Furthermore, appellant's contention that there was no grand jury is mere speculation. Such speculation is rebutted by a review of appellant's indictment which contains the signature of the grand jury foreperson. See Crim.R. 6 (F) which states that the foreperson shall sign the indictment when seven or more grand jurors concur. Moreover, a grand jury vote record, which is a mere recordation of the number of jurors who concurred in the indictment, is secret unless ordered released by the court. Crim.R. 6 (C). To support his petition for post-conviction relief, appellant sought to have the court review the vote record. He hoped that the record was nonexistent. However, we have previously held that the lack of a vote record does not invalidate a conviction. State v. Reese (June 2, 1999), Mahoning App. No. 98-CA-33, unreported, 5-6, citing State v. Williams
(1997), 79 Ohio St.3d 1. Additionally, because appellant was found guilty beyond a reasonable doubt by a petit jury, any absence of a grand jury vote record would not establish by clear and convincing evidence that appellant was prejudiced by a constitutional error at trial. See United States v. Mechanik
(1986), 475 U.S. 66, 73; R.C. 2953.23 (A) (2).
Appellant also complains that the trial court summarily denied his motions without findings of fact or conclusions of law. However, such findings and conclusions are only statutorily required when a court denies a timely filed petition. See R.C.2953.21 (C) and (G). See, also, State ex rel. Carrollv. Corrigan (1999), 84 Ohio St.3d 529, 530 (stating that a judge has no duty to issue findings and conclusions when it denies successive petitions under R.C. 2953.23, which is the same section that applies to untimely petitions). Thus, although findings and conclusions are preferred, the trial court did not err by summarily denying appellant's motions.
In conclusion, the court did not abuse its discretion by failing to inspect the grand jury vote record. Appellant's petition for post-conviction relief was untimely filed and the exceptions for an untimely petition were not applicable.
For the foregoing reasons, the order of the trial court is hereby affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ______________________________ JOSEPH J. VUKOVICH, JUDGE